UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|    ELIZABETH ANN CARRILLO ) | Case No. 08-12655-SSM |
|    FERNANDO ALEX CARRILLO ) | Chapter 7 |
| ) | |
|             Debtors ) | |
| ) | |
| ROBERT O. TYLER, TRUSTEE ) | |
| ) | |
|             Plaintiff ) | |
| ) | |
| vs. ) | Adversary Proceeding No. 09-1018 |
| ) | |
| OWNIT MORTGAGE LOAN TRUST, ) | |
| SERIES 2006-3, *et al.* ) | |
| ) | |
|            Defendants ) | |

**MEMORANDUM OPINION**

Before the court is the plaintiff's motion under Rule 9023 to alter or amend the judgment that was entered in this action on January 15, 2010, in favor of the defendants. The parties have filed helpful briefs, and the court heard oral argument on March 16, 2010. Although the court agrees that a portion of its initial analysis was flawed, the correction of that error does not alter the ultimate ruling, and the motion to alter or amend the judgment will therefore be denied.

Background

The relevant facts are set forth in this court's prior opinion, *Tyler v. Ownit Mortgage Loan Trust (In re Carrillo)*, 431 B.R. 692 (Bankr. E.D. Va. 2010), and will be repeated only to

1

the extent necessary to place the present motion in context. When the debtors, Elizabeth Ann Carrillo and Fernando Alex Carrillo, purchased a condominium located at 5858 Orchard Hill Court, Clifton, Virginia, in January 2006, they financed the purchase with a $247,000.00 loan made by Ownit Mortgage Solutions, Inc. The recorded deed of trust securing Ownit, however, was defectively acknowledged, with the title of the person taking the acknowledgment being stated as "managing member" rather than "notary public," although he was in fact a notary public. After the debtors defaulted on the underlying obligation, a substitute trustee was appointed, and the property was sold at foreclosure in February 2008 to LaSalle Bank National Association, as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-3 ("LaSalle") for $200,900. The deed to LaSalle was recorded in April 2008, and the debtors filed their chapter 7 petition 41 days later. The present action was commenced by the chapter 7 trustee in January 2009 and seeks avoidance, under his "strong-arm" powers as a hypothetical bona fide purchaser of real property or hypothetical lien creditor, of the Ownit deed of trust and the subsequent foreclosure deed. Following a trial, the court held that because the deed of trust, although defectively acknowledged, was nevertheless admitted to record, it was deemed under § 17.1-223, Code of Virginia, to have been validly recorded; and, in any event, the recordation of the deed of foreclosure prior to the bankruptcy filing would have provided constructive notice of the deed of trust to a bona fide purchaser. The present motion to alter or amend the judgment was timely filed by the chapter 7 trustee.

Discussion

A.

Rule 59(e), Federal Rules of Civil Procedure, as incorporated by Rule 9023, Federal Rules of Bankruptcy Procedure, allows a court, on motion made within 14 days, to alter or amend a final judgment. Although the rule itself does not state the grounds for granting relief, the Fourth Circuit has instructed that the moving party must make a showing that relief is proper (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Since neither of the first two grounds is applicable, the question is whether the court made a clear error of law. In this connection, the trustee argues that the court made two errors of law: first in construing § 17.1-223, Code of Virginia, too expansively; and second, in not considering the trustee's status, not only as a hypothetical bona fide purchaser of real property, but also as a hypothetical judgment lien creditor. The court will discuss each issue in turn.

B.

In the original ruling the court considered the interplay between two statutes which potentially applied when a defectively-acknowledged instrument was nevertheless admitted to record. The first, § 55-106.2, Code of Virginia, provided that "writings admitted to record shall be conclusively presumed to be in proper form for recording after having been recorded for a period of three years, except in cases of fraud." The second, § 17.1-223, Code of Virginia, provided that if a deed or writing "is accepted for record and spread on the deed books, it shall be deemed to be validly recorded for all purposes." LaSalle could not claim the benefit of the

3

first, because the deed of trust had not been admitted to record for the requisite three years at the time the trustee commenced this action. The court held, however, that because the second statute "deemed" any instrument actually recorded as "validly recorded *for all purposes*," the defectively-acknowledged deed of trust would have provided constructive notice sufficient to defeat the trustee's strong-arm powers under § 544(a)(3), Bankruptcy Code, as a bona fide purchaser of real property.

In the original ruling, the court, although recognizing that the three-year period of repose in § 55-106.2 would be rendered superfluous if § 17.1-223 were construed to immediately validate any instrument that a clerk of court (whether rightly or wrongly) admitted to record, nevertheless believed that the latter statute, which was the more recent enactment, should control over the former. The trustee has pointed out, however, that the particular language that the court focused on ("deemed to be validly recorded for all purposes") in fact predates the enactment of § 55-106.2. That language first appeared in the amendment made by Acts of Assembly 1979, chap. 527, to then-§ 17-59, Code of Virginia, the predecessor of current § 17.1-223. With the addition, the statute read, in pertinent part, as follows:

> § 17- 59. Duty of clerk as to recording writings, etc., and making index. – Every writing authorized by law to be recorded, with all certificates, plats, schedules or other papers thereto annexed or thereon endorsed, upon payment of fees for the same and the tax thereon, if any, shall, when admitted to record, be recorded by or under the direction of the clerk, in typewriting or by photostating or in a fair and legible hand, and in such books as are prescribed by § 17-70*; but no deed shall be accepted for record by the clerk unless it be accompanied by a current business or residence address of the grantee or a designee; provided that if the deed is accepted for record and spread on the deed books, it shall be deemed to be validly recorded for all purposes.*

(added language in italics). Thus, in context, the "deemed to be validly recorded" language applied solely to deeds not otherwise eligible for recording because they did not contain the

4

grantee's current address. In the text of § 17.1-223 as it stood in 2006, the "deemed to be validly recorded" clause was no longer tied by a semi-colon or a "provided" to a specific requirement of form, but it nevertheless immediately follows a series of what may fairly be described as administrative requirements, such as the numbering of pages, the underscoring or capitalization of individual's surnames, the inclusion of a current address for the grantee, and the name of the title insurer, if any. For that reason, the court agrees with the trustee that the "deemed to be validly recorded" language is intended to address only the requirements for recording specifically imposed by § 17.1-223, and is not a general curative statute that—at least as it read in 2006—would extend to defectively-acknowledged deeds of trust.[1] Accordingly, the court agrees with the trustee that mere recordation by the clerk of the defectively-acknowledged deed of trust did not provide constructive notice of Ownit's interest in the property.

C.

In the present case, however, a subsequently-recorded instrument, namely the foreclosure deed to LaSalle, would have provided constructive notice of the deed of trust to any bona fide purchaser who examined the land records. The trustee correctly points out, however, that his strong-arm powers under § 544(a), Bankruptcy Code, are not limited to those enjoyed by a bona fide purchaser of real estate, but also includes those enjoyed by "a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract

---

[1] For deeds recorded after July 1, 2008, the issue is less clear, since § 17-1-223 was amended to include, prior to the "deemed to be validly recorded" language, the following: "A document which appears on its face to have been validly notarized in accordance with the Virginia Notary Act (§ 47.1 et seq.) shall be presumed to have been notarized properly and may be recorded by the clerk."

could have obtained such a judicial lien." § 544(a)(1), Bankruptcy Code. And, the trustee argues, a judgment lien creditor in Virginia would not be bound by mere constructive notice of an adverse interest in property to which the judgment lien had attached.

In support of this proposition, the trustee cites to *Cavalier Service Corp. v. Wise*, 645 F.Supp. 31 (E.D. Va. 1986). That case concerned the relative priorities of a federal tax lien and a judgment. The federal tax lien had been recorded after a *lis pendens* but before the claim of the party filing it was reduced to judgment. On those facts, the district court held that the federal tax lien therefore took priority. In so ruling, the district court relied, not on Virginia law, but on federal law. *Wise*, 645 F.Supp at 33-34 ("Federal law governs the priority of a tax lien against all other claims to the property"). Under controlling federal law, "first in time is the first in right, " and the tax lien took priority. *Id.* at 34. It is true that in reaching this conclusion, the court, although accepting that a *purchaser* of the property would have taken it subject to any judgment ultimately entered in favor of the party filing the *lis pendens*, held that under Virginia law a *lis pendens* would not affect the rights of *creditors* whose judgments were docketed after the *lis pendens* but before the claim was reduced to judgment. *Id.* at 35. As the district court explained:

> The United States was and is a creditor. Pursuant to section 55-96 [Code of Virginia], prior notice does not affect the priority of a creditor who first records his judgment. This is the construction of this statute by the Supreme Court of Virginia. *See Neff's Adminstrator v. Newman*, 150 Va. 203, 142 S.E. 389, 391 (1928). *Neff*, *supra*, held that an unrecorded deed of trust was no protection against a judgment creditor, with or without notice, and where the judgment creditor recorded his judgment before the deed was recorded, the judgment took priority even though the judgment creditor had prior notice of the deed of trust. Under this statute, a deed or instrument required to be recorded is void as to judgment creditors of the grantor, even though they have notice thereof. *See Blair v. Rober's* [sic] *Administrator*, 135 Va. 1, 116 S.E. 767, *cert. denied*, 262 U.S. 734, 43 S.Ct. 704, 67 L.Ed. 1206 (1923).

Case 09-01018-BFK    Doc 77    Filed 11/29/10    Entered 11/29/10 14:36:14    Desc Main
                           Document      Page 7 of 9

*Wise*, 645 F.Supp at 36.  *See, also*, *Ameribanc Savings Banks, F.S.B. v. RTC*, 858 F.Supp. 576, 582 (E.D. Va. 1994) ("In Virginia, a lien creditor's rights are protected upon recordation, irrespective of the lien creditor's actual or constructive knowledge of conflicting interests in the property.") (*dicta*).

   The court of course accepts *Wise* as a correct statement of Virginia law.  However, *Wise* does not really address the facts of this case.  Even accepting that the Ownit deed of trust must, because of the defective acknowledgment, be treated no differently than an unrecorded deed of trust, *Wise* and the Virginia cases cited by it would give the chapter 7 trustee, in his role as hypothetical judgment lien creditor, priority only as to the interest represented by the deed of trust.  In this case, however, there has been a subsequent conveyance which was recorded prior to the date the trustee obtained his hypothetical judgment lien.  As the defendants point out, in Virginia an unacknowledged or unrecorded deed is nevertheless sufficient to pass title.  *Peatross v. Gray*, 181 Va. 847, 861, 27 S.E.2d 203, 210 (1943) ("The deed operated as a conveyance without any acknowledgment.  Acknowledgment is necessary for recordation, not to pass title.  Title passes by the execution and delivery of the deed.") (internal citations omitted).  As between the debtors and the secured lender, the deed of trust, even if not recorded, was nevertheless valid, and the relevant issue is whether the deed to the foreclosure purchaser was recorded, so as to take priority over later judgment liens.  Here, the foreclosure deed to LaSalle was properly recorded prior to the date the trustee became a hypothetical judgment creditor.  And, because the foreclosure deed was indexed in the name of the debtors (as well as the substitute trustee) as grantors, the court is not faced with a complete break in the chain of title, as occurred in the *Reasonover* case discussed in the original opinion.  *Mayer v. United States (In re*

*Reasonover)*, 236 B.R. 219 (Bankr. E.D. Va. 1999), *vacated and remanded*, 238 F.3d 414 (4th Cir. 2000) (unpublished table decision), *opinion on remand*, 2001 WL 1168181, 2001 Bankr. LEXIS 2109 (Bankr. E.D. Va., Apr. 16, 2001).  Accordingly, although the court agrees with the trustee that his "strong-arm" powers as a hypothetical judgment lien creditor would have prevailed over Ownit's defectively-acknowledged deed of trust, the deed of trust was not itself invalid, and when a foreclosure was held, and a deed to the foreclosure purchaser recorded, any interest of the debtors was extinguished, and a subsequent judgment against them would not attach to the property.

D.

In short, although the court concludes that its initial construction of § 17.1-223, Code of Virginia, was incorrect, and although the court agrees that mere notice, whether actual or constructive, of the defectively-acknowledged deed of trust, would not, under Virginia law, defeat the trustee's "strong-arm" powers as a hypothetical judgment lien creditor, the fact remains that the property was validly conveyed, and the deed properly recorded, prior to the bankruptcy filing.  Thus, even as a hypothetical judgment lien creditor, the trustee cannot claim an interest in the property superior to LaSalle's.  For that reason, the court finds no basis to alter or amend the judgment dismissing the trustee's complaint.

A separate order will be entered consistent with this opinion.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

Richard A. Golden, Esquire
Golden & Golden, P.C.
10627 Jones St., Suite 101B
Fairfax, VA 22030
Counsel for the plaintiff

Madeline A. Trainor, Esquire
Cyron & Miller, LLP
100 N. Pitt Street, Suite 200
Alexandria, VA 22314
Counsel for defendants U.S. Bank National Association and
Mortgage Electronic Registrations Systems, Inc.

Patrick J. McKenna, Esquire
Crown Center, Suite 600
580 East Main Street
Norfolk, VA 23510
Co-counsel for defendants U.S. Bank National Association and
Mortgage Electronic Registration Systems, Inc.

Christopher A. Jones, Esquire
Whiteford Taylor & Preston, LLP
3190 Fairview Park Drive
Suite 300
Falls Church, VA 22042
Counsel for defendant Ponds at Centreville Condominium Unit Owners Association

Richard D. Scott, Esquire
LeClair Ryan
1800 Wachovia Tower, Drawer 1200
Roanoke, VA 24006
Counsel for Specialized, Inc., of Virginia